FOLLANSBEE G. WELCH, APPELLANT, *v.* GEORGE W. WINTERBURN, RESPONDENT.

*Entry into possession of a house on the expectation of taking a lease — on refusal to accept the lease and to remove after demand, the occupier becomes a trespasser.*

APPEAL from a judgment in favor of the defendant, entered on a trial at the circuit, where the complaint of the plaintiff was dismissed.

The plaintiff was the owner of a leasehold estate in premises known as 28 East Fourteenth street, in the city of New York. With his consent and permission the defendant acquired possession of the property. This was received by him under an arrangement that a lease of it should be executed by the plaintiff and himself, under which he should occupy and enjoy the property. After various efforts were made for the purpose of agreeing upon the form and terms of such a lease, the parties proved incapable of arriving at any satisfactory, mutual understanding. After that inability had been developed, and it had become evident that no agreement could be proposed by one party with which the other would be satisfied, the plaintiff gave the defendant written notice requiring him to quit and surrender the premises. This he failed to do, and extended his occupancy to the fifteenth day of the month when the plaintiff resumed possession of the premises, and thereafter brought this action of trespass to recover damages.

The court at General Term said: " By his refusal to accept and receive a lease of the property, and afterwards omitting to comply with the plaintiff's demand for a surrender of the premises, he became a trespasser. (*Adams* v. *Freeman,* 12 Johns., 408; *Smith*

v. *Stewart*, 6 id., 46; *Jackson* v. *Moncrief*, 5 Wend., 26; *Livingston* v. *Tanner*, 14 N. Y., 64.) While the defendant's possession actually continued, an action for damages because of the trespass, it is true, could not be maintained by the plaintiff, but that disability continued no longer than the latter was actually deprived of the possession of the property. As soon as that was resumed by him the right at once fully accrued entitling him to indemnity for the wrong produced by means of the continuance of the defendant's trespass. (*Case* v. *Shepherd*, 2 Johns. Cases, 27, 29, and authorities cited in note; *Holmes* v. *Seeley*, 19 Wend, 507.) And the principle is conceded to be correct in *Wohler* v. *Buffalo and State Line Railroad Company* (46 N. Y., 686). Upon the evidence as it was presented the plaintiff was entitled to damages for the time the defendant continued to occupy the premises after his right to do so had been terminated by a demand of their possession. And the complaint in the action though broader than was required for the purpose of maintaining such an action was fully sufficient for all the purposes of the case."

*Daniel G. Thompson*, for the appellant.

*T. M. Tyng*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, with costs to abide the event.